IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Dr. Alice M. Pendleton, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| Prairie View A&M University, | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, **DR. ALICE M. PENDLETON**, (hereinafter "Pendleton" or "Plaintiff") filing her Original Complaint complaining of Defendant, **PRAIRIE VIEW A&M UNIVERSITY** (hereinafter "Prairie View" or "Defendant"), in support thereof would show as follows:

## I.
## JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over the causes of action alleged by Plaintiff, Dr. Alice M. Pendleton, pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Americans With Disabilities Act ("ADA").

2. Plaintiff resides in Hempstead, Texas. Plaintiff is female and is therefore protected by Title VII.

3. In or about 1983, Plaintiff had a stroke. During that care, she developed a medical condition that led to the total joint replacements of both of her hips and her right shoulder. As a

result thereof, Plaintiff endured permanent physical limitations.  Nevertheless, Plaintiff: (1) is a qualified individual with a physical impairment that limits her in one or more major life activities including but not limited to her ability to walk long periods, lift, climb, cook, care for herself, stand long periods, perform manual tasks, write, bend, and dress herself, among other things; (2) has a history and record of having a disability; and (3) has been regarded as having a disability.  Consequently, she is a disabled within the meaning of the ADA.

4. Plaintiff was at all relevant times an employee within the meaning of these applicable statutes.

5. Defendant, Prairie View A&M University, is a Texas educational institution.  Defendant was at all times Plaintiff's employer within the meaning of these applicable statutes.

6. Defendant employed more than five hundred regular employees.

7. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas, Houston Division.  Venue is appropriate in this Court.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

8. Whenever in this complaint it is alleged that the Defendant did any act or thing, it is meant that the Defendant's supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant's supervisors, agents, servants, employees, or representatives.

9. The acts of management including but not limited to Dean Kendall Harris were performed while in the employment of Defendant to further Defendant's business, to accomplish the objective for which these supervisory employees were hired, and within the course and scope of

that employment or within the authority delegated to said employees. Dean Harris was given supervisory authority over Plaintiff. As such, Dean Harris was given day-to-day control over the work conditions, duties, and all other aspects of Plaintiff's employment.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") on or about September 16, 2014. In that Charge, No. 460-2014-03782, and any amendments and/or attachments thereto, Plaintiff asserted that Defendant discriminated against her because of her sex (female) and her disability (physical limitations stemming from a stroke and subsequent treatment).

11. After investigating Plaintiff's Charge, the EEOC issued Plaintiff a Right to Sue Letter. Plaintiff has exhausted her administrative remedies and files this suit within the statutory limitations period.

## III.
## FACTUAL BACKGROUND

12. I began my employment on or about January 16, 2009 as an Adjunct Professor in the Mechanical Engineering Department.

13. I have continually been denied multiple requests for reasonable accommodations throughout the years and continuing through May 31, 2014.

14. I specifically requested the use of a golf cart so that I could travel throughout the campus because of my physical limitations in walking. I was denied such. I was told to use Dean Kendall Harris' golf cart "when it [was] available." It was rarely available.

15. My teaching assignments and work hours were reduced. I believe it was because I could not get around the campus well. As a result, my salary was lessened.

16. Also, I requested a teaching assistant as my abilities to use the teaching equipment e.g., the blackboard and PowerPoint, was limited because of my physical limitations in performing manual tasks, writing and lifting. The teaching assistant was provided for a brief period of time.

17. As well, I requested to park in a certain area so that I was close to the doorway of the building I taught in. I was denied such.

18. Defendant failed to engage in an interactive conversation with me to discuss reasonable accommodations in good faith.

19. Upon information and belief, golf carts were available and used by other staff including Dean Harris.

20. Upon information and belief, teaching assistants were also available and used by other staff.

21. All of the professors in the Mechanical Engineering Department are males.

22. I was treated differently from my male counterparts.

23. I wanted to advance. I applied for and/or expressed an interest in promotions but was denied such. One such a position was four teaching positions in the manufacturing process labs.

24. I wanted a pay increase and was denied such.

25. University President Dr. George Wright told my husband that Dean Harris said that he had been observing me and that I was not very ambulatory. Based thereon, Dean Harris strongly suggested that I retire.

26. I resigned on or about May 31, 2014. I felt I had no other career options at Prairie View and had no management support.

27. I have a Ph.D. in mechanical engineering from Texas A&M University. I have been teaching for many years. There is absolutely nothing wrong with my intellect and ability to teach. I was fully qualified for my position at Prairie View.

28. I believe that I have been discriminated against because of my disability and my sex in violation of the Americans With Disability Act of 1990, as amended, and Title VII of the Civil Rights Act of 1964, as amended, respectively.

## IV.
## CAUSES OF ACTION

A. **DISABILITY DISCRIMINATION PURSUANT TO ADA**

29. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

30. Plaintiff is a qualified individual with a permanent, long-standing physical impairment in that she suffers from physical limitations related to a stroke that limits her in one or more major life activities including but not limited to her ability to walk long periods, lift, climb, cook, care for herself, stand long periods, perform manual tasks, write, bend, and dress herself, among other things.

31. Plaintiff has a history and record of having a disability. A record of a disability may be any form of record, such as a hospital record, medical record or any other document that

indicates the plaintiff once had a substantially limiting impairment. Here, Plaintiff made several requests internally to Defendant's staff seeking reasonable accommodations for her obvious manifestations of physical limitations.

32. Plaintiff has also been regarded as having a disability.

33. Based on the aforementioned, Plaintiff is disabled within the meaning of the ADA.

34. Defendant entertained misperceptions regarding Plaintiff that proved detrimental to her employment.

35. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of the ADA, by intentionally interfering with Plaintiff's performance of her employment because of her actual medical condition, history and record of disability and the perception of same including refusing to reasonably accommodate her, refusing to engage in interactive dialogue concerning her limitations, refusing to promote Plaintiff, and refusing to increase Plaintiff's salary, among other things.

36. This intentional interference consisted of discrimination of a continuous nature.

37. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

38. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

**B.** **S**EX **D**ISCRIMINATION **P**URSUANT TO **T**ITLE **VII**

39. Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporate the same herein as though fully set forth.

40. Defendant, through its agents, supervisors, or employees violated Plaintiff's civil rights in violation of Title VII, by intentionally interfering with Plaintiff's performance of her employment and advancement of her career because of her gender, female.

41. This intentional interference consisted of discrimination of a continuous nature.

42. Defendant, through its agents, supervisors, or employees discriminated against Plaintiff which led to the loss and impairment in whole or part, of the wages, benefits, privileges, and terms and conditions of Plaintiff's employment.

43. The above-described acts on Defendant's part caused Plaintiff substantial injury and damage.

## V.
## JURY DEMAND

44. Plaintiff requests that this action be heard before a jury.

## VI.
## DAMAGES

45. Defendant's conduct constitutes violations of statutory law. Such unlawful conduct seriously affects Plaintiff in her occupation, trade and business. Because of Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendant. Accordingly, Plaintiff seeks all

general, special, incidental, exemplary (if applicable), compensatory and consequential damages in an amount to be proved at trial.

46. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve her ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

47. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant does not promptly tender damages assessed against them and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendant for:

a. Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice which discriminates on the basis of gender and disability.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c.  Compensatory damages for pain and mental suffering in the past and future;

d.  Punitive damages, if applicable, in an amount above the minimum jurisdictional limit of the Court;

e.  Reasonable attorney's fees, with conditional awards in the event of appeal;

f.  Pre-judgment interest at the highest rate permitted by law;

g.  Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h.  Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i.  Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

*/s/ Katrina Patrick*

_____

Katrina Patrick
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd. #4100
Houston, Texas  77056
Telephone:  (713)796-8218
Facsimile: (832)390-2350

**ATTORNEY FOR PLAINTIFF
DR. ALICE M. PENDLETON**