United States District Court
Southern District of Texas
**ENTERED**
November 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. ALICE M. PENDLETON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-736 |
| | § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Prairie View A&M University's Motion for Leave to File Amended Answer (Doc. No. 36). After considering the Motion, the responses thereto, and all applicable law, the Court determines that the Motion should be denied.

### I. BACKGROUND

Plaintiff Alice Pendleton brings claims for disability discrimination and gender discrimination against Defendant Prairie View A&M University. (Doc. No. 7.) Plaintiff filed her First Amended Complaint on May 20, 2015. *Id*. On December 9, 2015, the Court granted leave for Defendant to file its Original Answer. (Doc. No. 26.) Discovery closed on September 30, 2016, and trial is scheduled to begin on January 9, 2017.

Defendant filed the instant Motion on October 6, 2016. Defendant seeks leave to amend its Answer to include additional affirmative defenses: judicial estoppel, statute of limitations, failure to exhaust administrative remedies, undue burden as to Plaintiff's claim regarding Defendant's alleged failure to accommodate, and that Defendant had legitimate, non-discriminatory and non-retaliatory reasons for any alleged adverse employment actions. (Doc. No. 36 at 1.)

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a pleading when justice so requires. "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 592, 598 (5th Cir. 1981). A court may deny leave to amend upon a finding of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, [or] futility of amendment." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir. 1998).

## III. ANALYSIS

Defendant's proposed amended answer, which arrives after the close of discovery, raises several additional affirmative defenses. Plaintiff would be unduly prejudiced by having to respond to these affirmative defenses without the benefit of discovery on those issues. Defendant argues that because its affirmative defenses—particularly the defenses of undue hardship and legitimate non-discriminatory and non-retaliatory reasons—go to the core issues of Plaintiff's case, there is no need for further discovery. The Court disagrees. Plaintiff has indicated that in order to respond to Defendant's additional affirmative defenses, she would need to re-depose witnesses and propound additional written discovery. She would also need to consider adding new fact witnesses and/or retaining an expert. Due to the advanced stage of the litigation, and with trial set in six weeks, Plaintiff would be foreclosed from taking any of these steps. As such, Plaintiff would be unduly prejudiced by Defendant's late amendment to its answer.

## IV. CONCLUSION

For the reasons set forth above, Defendant Prairie View A&M University's Motion for

Leave to File Amended Answer (Doc. No. 36) is **DENIED**. Parties should be prepared for trial on January 9, 2017.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 21st day of November, 2016.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE