IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. ALICE M. PENDLETON, | § § | |
| Plaintiff, | § § | |
| | § | C.A. No. 4:15-cv-00736 |
| v. | § § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § § | |
| Defendant. | § § | (JURY TRIAL DEMANDED) |

## JURY INSTRUCTIONS

**INSTRUCTION #1: Jury Instructions on Reasonable Accommodation**

Dr. Alice Pendleton claims that Prairie View A&M University failed to reasonably accommodate her disability by failing to provide:

1) a part-time personal golf cart and driver;

2) a teaching assistant to assist in her classrooms;

3) a lab assistant to assist her in performing her CRESSE-related work;

4) permission to park temporarily on sidewalk near the C.L. Wilson and New Electrical Engineering buildings.

Defendant Prairie View A&M University denies Plaintiff Dr. Alice Pendleton's claims and contends that she was reasonably accommodated and the four additional accommodations she sought were unreasonable.

The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this case, Plaintiff Dr. Alice Pendleton must prove each of the following by a preponderance of the evidence:

1. Plaintiff Pendleton requested an accommodation;

2. Providing an accommodation would have been reasonable;

3. Defendant Prairie View A&M University failed to provide a reasonable accommodation;

4. Defendant Prairie View acted with intentional discrimination in failing to reasonably accommodate her.

Intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights.

The term "accommodation" means making modifications to the workplace that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to:

(a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or

(b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

An employer is not obligated to hire additional employees or reassign existing workers to assist an employee with a disability.  The law does not require an accommodation that would cause other employees to work harder, work longer hours, or lose opportunities.

An employer is not obligated to provide an employee the accommodation she requests or prefers.  The employer need only provide some reasonable accommodation.

## INSTRUCTION #2: Jury Instructions on Damages

If you answered yes to Question 1, then you must determine whether Prairie View has caused Plaintiff Pendleton damages resulting from that claim, and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Dr. Alice Pendleton has proved liability.

Plaintiff Dr. Alice Pendleton must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Dr. Alice Pendleton need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages sustained by Plaintiff Dr. Alice Pendleton, such as pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses stemming from the denial of accommodation.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Dr. Alice Pendleton for the harm she has sustained.

**SIGNED** at Houston, Texas on this the 13th day of January, 2017.

_[signature: Keith P. Ellison]_

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DR. ALICE M. PENDLETON, | § § § | |
| Plaintiff, | § § | C.A. No. 4:15-cv-00736 |
| v. | § § | |
| PRAIRIE VIEW A&M UNIVERSITY, | § § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

## VERDICT

<u>Question No. 1</u>

Has Plaintiff Pendleton proved that Defendant Prairie View A&M University failed to reasonably accommodate Plaintiff Pendleton's disability because it failed to provide:

1) a part-time personal golf cart and driver

    Answer "Yes" or "No": _____

2) a teaching assistant to assist in her classrooms

    Answer "Yes" or "No": _____

3) a lab assistant to assist her in performing her CRESSE-related work

    Answer "Yes" or "No": _____

4) permission to park temporarily on the sidewalk near the C.L. Wilson and New Electrical Engineering buildings

    Answer "Yes" or "No": _____

*If you answer "Yes" to any of the sub-parts above, then continue to Question No. 2.*

*If you answer "No" to all of the subparts above, stop and sign your jury verdict.*

**Question No. 2**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Pendleton for the damages, if any, you have found Defendant Prairie View caused Plaintiff Pendleton?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

## JURY VERDICT VERIFICATION

We, the jury, verify that the answers to the above questions constitute our unanimous verdict in this case.

Dated:_____     _____
                                                        JURY FOREPERSON